**Mahendra Pratap SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–74301.**

**Agency No. A76–868–470.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 19, 2004.

Jason Marachi, Law Office of Jason Marachi, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Anthony P. Nicastro, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, McKEOWN and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Mahendra Pratap Singh, a native and citizen of Fiji of Indian ethnicity, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum. Singh also seeks withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the decision of the BIA except to the extent the BIA adopts the IJ's reasoning as its own. *See Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996). The BIA's factual findings regarding eligibility for asylum will be sustained if they are "supported by reasonable, substantial, and probative evidence in the record." *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003). We grant in part and dismiss in part the petition for review and remand.

Singh's asylum claim is based on three primary incidents: Attempts to injure him on the soccer field (the "soccer incident"); a kidnaping, beating and rape incident (the "rape attack"); and an attack on a village during which he and his family were beaten and his uncle's house was destroyed (the "village attack"). The BIA determined that Singh is not eligible for asylum because he failed to establish that the harm he suffered was on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A) (asylum applicant must establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); *Chand v. INS*, 222 F.3d 1066, 1073, 1076 (9th Cir.2000).

Singh testified that the perpetrators of the soccer incident and the rape attack were motivated by envy of Singh's athletic ability. Singh's testimony and documentary evidence in the record indicate that the village attack occurred during a coup and was motivated by racial animus against Indo-Fijians.

The IJ and the BIA did not discuss the village attack, and its ethnic context, when reaching their decisions, and substantial evidence does not support a determination that the village attack was not on account of a protected ground. Accordingly, we remand Singh's asylum claim to allow the BIA to address whether the evidence regarding the village attack is sufficient, along with other evidence, to establish that Singh is eligible for asylum. *See Chand*, 222 F.3d at 1076 (asylum claim remanded where BIA failed to consider racially motivated incidents that were sufficient to satisfy "on account of" requirement).

Singh did not appeal to the BIA the IJ's denial of his request for withholding of removal or relief under the CAT. He therefore has not exhausted his administrative remedies as to these claims and we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

**PETITION FOR REVIEW GRANTED in part, DISMISSED in part and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.